UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-Civ-24033-WILLIAMS/TORRES

MSP RECOVERY CLAIMS, SERIES LLC,

    Plaintiff,

v.

AMERIPRISE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO SEAL

This matter is before the Court on MSP Recovery Claims, Series LLC's ("Plaintiff") motion to file under seal its first amended complaint against Ameriprise Insurance Company ("Defendant"). [D.E. 21]. Defendant responded to Plaintiff's motion on December 29, 2017. [D.E. 29]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Plaintiff's motion is **GRANTED**.

### I. ANALYSIS

Plaintiff seeks to file under seal its complaint, including (1) the names of certain Medicare Advantage Organizations ("MAOs") that assigned their claims to Plaintiff and (2) non-assignment related terms of an assignment agreement. To be clear, Plaintiff does not wish to withhold any of the aforementioned information from Defendant. Instead, Plaintiff explains that it will provide the names of all MAOs – as well as an unreacted version of the assignment agreement – to

1

Defendant subject to the terms of a confidentiality agreement. In other words, Plaintiff requests that the names of the MAOs that assigned their claims to Plaintiff – as well as the non-assignment related terms of the assignment agreement – are not to be disclosed to the public at this stage of the litigation. Plaintiff believes that the names of the MAOs constitutes a customer list and therefore implicates significant confidential and proprietary business information.

Defendant argues in response that it takes no position with respect to the first category of information that Plaintiff seeks to protect – the identity of Plaintiff's assignors – because it is unclear upon what basis Plaintiff alleges that the information should be redacted. Defendant further claims that Plaintiff is still required to establish that specific personal jurisdiction exists in this case and that Plaintiff must disclose the identities of the Medicare beneficiaries whose medical expenses undergird this action. As for the second category of information that Plaintiff seeks to protect – the non-assignments terms in the assignment agreements – Defendant does not oppose the relief sought.

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern," *Landmark Commc'ns, Inc. v. Virginia,* 435 U.S. 829, 839 (1978), and "[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). This right "includes the right to inspect and copy public records and documents." *Id.* (citation omitted). However, this right of access is not absolute

2

because it ordinarily "does not apply to discovery and, where it does apply, may be overcome by a showing of good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).

A finding of good cause requires "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Chicago Tribune,* 263 F.3d at 1309. "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." *Id.* at 1315. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246.

After full consideration of the arguments presented and the relevant authority submitted in support thereof, we agree with Plaintiff that the public disclosures of the MAO assignors may result in unnecessary harm and prejudice to Plaintiff's business. As Plaintiff points out, the assignors are part of a customer list that has taken many years of hard work to assemble. If the assignors became public, there is a possibility that it would impact Plaintiff's relationship with each client and undermine Plaintiff's efforts to develop new business relationships with other MAOs. This conclusion is reinforced even more so by the fact that Defendant

3

will have access to an un-redacted version of the complaint and a complete customer list through the normal course of discovery.

Therefore, we see no reason why Plaintiff should be forced to release the assignors of the MAOs to the public domain especially when the parties appear willing to agree to a confidentiality agreement to safeguard the items produced. When coupled with the fact that Defendant will have access to the un-redacted complaint in discovery, there is no persuasive reason to deny Plaintiff's motion. Accordingly, Plaintiff's motion is **GRANTED**.[1]

## II. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion is **GRANTED**. [D.E. 21].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of January, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[1] We add that the result may have been different if a party litigant was seeking to proceed anonymously. *See Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) ("Generally, parties to a lawsuit must identify themselves in their respective pleadings.") (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 712 (5th Cir. 1979)). The issue here is far different and implicates lesser public interest concerns.